UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY LYNN L.,

               Plaintiff,

v.                                                                    1:20-CV-0942
                                                                      (WBC)
COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC          KENNETH HILLER, ESQ.
  Counsel for Plaintiff                               JEANNE MURRAY, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   CHRISTOPHER CARILLO, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.      RELEVANT BACKGROUND

## A.     Factual Background

Plaintiff was born in 1967.  (T. 66.)  She has a master's degree.  (T. 42.)

Generally, Plaintiff's alleged disability consists of: neck fusion, "loss of use of right arm,"

neck injury, shoulder injury, elbow injury, wrist injury and thumb injury.  (T. 165.)  Her

alleged disability onset date is December 15, 2008.  (T. 66.)  Her date last insured is

December 31, 2012.  (*Id.*)  Her past relevant work consists of research associate.  (T.

166.)

## B.     Procedural History

On November 13, 2013, Plaintiff applied for a period of Disability Insurance

Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title

XVI, of the Social Security Act.  (T. 73.)  Plaintiff's applications were initially denied,

after which she timely requested a hearing before an Administrative Law Judge ("the

ALJ").  On February 19, 2014, Plaintiff appeared before the ALJ, Stephen Cordovani.

(T. 35-65.)  On May 31, 2016, ALJ Cordovani issued a written decision finding Plaintiff

not disabled under the Social Security Act.  (T. 16-34.)  On May 16, 2017, the AC

denied Plaintiff's request for review, rendering the ALJ's decision the final decision of

the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this

Court.

On September 27, 2018, this Court issued a decision and order remanding

Plaintiff's case for further proceedings.  (T. 812-825.)  The AC issued a Notice of Order

remanding the case back to the ALJ on April 5, 2019.  (T. 826-830.)  On March 5, 2020,

Plaintiff again appeared before ALJ Cordovani.  (T. 691-744.)  On March 24, 2020, ALJ

Cordovani issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 666-690.)  Plaintiff again timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 671-683.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2012 and Plaintiff had not engaged in substantial gainful activity since December 15, 2008.  (T. 671.)  Second, the ALJ found Plaintiff had the severe impairments of: status-post cervical spine fusion; multiple musculoskeletal and neurological conditions of the right upper extremity and left elbow; myofascial pain; bilateral knee patellofemoral arthritis status post-left knee meniscectomy and total knee replacement; and left-sided hearing loss.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 672.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except:

> she can frequently lift up to 10 pounds; can frequently carry up to 20 pounds and continuously carry up to 10 pounds; can sit for 4 hours continuously and 7 hours total during the work day; can stand 1 hour continuously and 4 hours total during the work day; can walk 1 hour continuously and 4 hours total during the work day; can perform occasional reaching with the right dominant arm with no overhead reaching with that extremity; can perform no pushing and pulling with the right arm; can perform frequent handling, fingering, and feeling with the right arm; can make frequent use of foot controls; can perform no balancing activities; can occasionally stoop, kneel, or crouch; can never crawl; can occasionally climb ramps and stairs; can never use ladders, ropes,  or scaffolds; can perform no work around hazards such as loud noise, unprotected heights, moving mechanical parts, and sharp instruments; can have no more than frequent exposure to extreme heat, wetness, or humidity; can have no more than occasional exposure to extreme cold; can perform frequent work with vibratory tools and equipment; and can have no more than frequent exposure to

3

concentrated fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants.

(T. 673.)  Fifth, the ALJ determined Plaintiff unable to perform her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 681-683.)

## II.  THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.  Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to evaluate the treating physician opinions according to the treating physician rule, as well as the 2018 remand order from this Court.  (Dkt. No. 13 at 23-31.)  Second, and lastly, Plaintiff argues the ALJ gave significant weight to the opinion of consultative examine despite the opinion being based on a one-time examination rendered stale by Plaintiff's subsequent surgery.  (*Id.* at 31-.)  Plaintiff also filed a reply in which she reiterated her original arguments.  (Dkt. No. 15.)

### B.  Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ's evaluation of the medical opinions comports with the relevant legal standards. (Dkt. No. 14 at 5-21.)  Second, and lastly, Defendant argues the ALJ can rely on the consultative examiner's opinion.  (*Id.* at 21.)

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v.*

*Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the

Commissioner's determination will only be reversed if the correct legal standards were

not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*,

817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether

the ALJ applied correct legal principles, application of the substantial evidence standard

to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*,

615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla,"

and has been defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v.

Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial

evidence, a reviewing court considers the whole record, examining evidence from both

sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be

sustained "even where substantial evidence may support the plaintiff's position and

despite that the court's independent analysis of the evidence may differ from the

[Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In

other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A. Medical Opinion Evidence

Plaintiff argues the ALJ failed to give "good reasons" to support his determination to afford treating source opinions less than controlling weight.  (Dkt. No. 13 at 23.)  For the reasons outlined below, the ALJ properly assessed the opinion evidence in the record.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2), 416.927(c)(2)[1]. When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. 404.1527(c)(2). A reviewing court should remand for failure to consider explicitly the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment. *Id*. at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned."); *see Schaal v. Apfel*, 134 F.3d 496, 503-505 (2d Cir. 1998) (ALJ

---

[1] On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed her claim before March 27, 2017. Thus, the 2017 revisions apply to this case, except for those rules that state they apply only to applications/claims filed on or after March 27, 2017.

must provide good reasons when affording treating source opinion less than controlling weight).

First, Plaintiff argues the ALJ "rejected" opinions because they were offered in the context of Worker's Compensation; however, this is "not a good reason for rejecting a treating physician opinion."  (Dkt. No. 13 at 26, 30.)  As an initial matter, contrary to Plaintiff's assertion, the ALJ did not "reject" any opinion in the record.  Here, the ALJ weighed the opinions provided by treating sources, including those made in the context of Plaintiff's Worker's Compensation claim.

In general, the treating physician rule does not apply to administrative findings which are reserved to the Commissioner.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 77 (2d Cir. 2018) (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).  The ultimate finding of whether Plaintiff was disabled and cannot work is "reserved to the Commissioner."  20 C.F.R. §§ 404.1527(d), 416.927(d).  Disability decisions by other agencies, such as the Worker's Compensation Board, are "not binding on the ALJ, but are entitled to some weight and should be considered."  *Rivera v. Colvin*, 592 F. App'x 32, 33 (2d Cir. 2015) (internal citations omitted).  The ALJ "is not bound by another agency's disability determination" and so long as the ALJ's "decision was supported by substantial evidence, any alleged failure by the ALJ to consider fully the disability determination by [another agency] does not affect [the Court's] decision to affirm."  *Lohnas v. Astrue*, 510 F. App'x 13, 14-15 (2d Cir. 2013).

Here, the ALJ considered various disability decisions by treating providers and provided good reasons for not affording the opinions controlling weight.  *John C. v. Saul*, No. 20-CV-296F, 2021 WL 1540504, at *4 (W.D.N.Y. Apr. 20, 2021) (a "plain reading" of

the ALJ's decision established he considered opinions containing disability ratings); *see also Paul G., v. Comm'r of Soc. Sec.,* No. 5:18-CV-1054, 2020 WL 9848451, at *12 (N.D.N.Y. Mar. 17, 2020) (error where it does not appear from the ALJ's decision that the ALJ gave the VA's disability determination any consideration or weight).  For example, the ALJ considered and weighed, statements that Plaintiff was "totally impaired," had "0 percent impairment and 100 percent impairment," had "moderate to marked temporary permanent disability," had a "75 percent temporary impairment," and had a "100 percent impairment."  (T. 678-679.)  The ALJ noted the various statements were made in the context of Plaintiff's Worker's Compensation claim, were on issues reserved to the Commissioner, and were vague.  (*Id*.)  Contrary to Plaintiff's assertion, the various opinions were considered and the ALJ provided "good reasons" for not affording the administrative statements controlling weight.

Second, Plaintiff argues the ALJ erred in "rejecting" opinions because they were not function-by-function assessments.  (Dkt. No. 13 at 27.)  Plaintiff asserts the ALJ was required to recontact the treating source for clarification.  (*Id*.)  In general, the duty to recontact arises only if the ALJ lacks sufficient evidence in the record to evaluate the doctor's findings.  *Morris v. Berryhill*, 721 F. App'x 25, 28 (2d Cir. 2018).  The ALJ is "not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability."  *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)) (internal citations omitted); *see Johnson v. Colvin*, 669 F. App'x 44, 46 (2d Cir. 2016) (although treating source's opinion alone might be too vague to support the ALJ's finding, the conclusion plaintiff could perform light work was supported by other

substantial evidence in the record and because the record contained sufficient other evidence there was no gap in the record).

In support of his argument, that the ALJ is required to re-contact a physician for clarification before rejecting his opinion for vagueness or not containing clear information, Plaintiff cites *Heidrich v. Berryhill*, 312 F. Supp. 3d 371, 374 (W.D.N.Y. 2018).  The case here is distinguishable.  First, as noted above, the ALJ did not "reject" any opinion in the record.  Second, in his overall consideration of the opinion evidence, the ALJ noted the opinions were "vague and did not provide functional limitations" and ultimately were "of little utility in assessing [Plaintiff's] residual functional capacity."  (T. 678.)  As stated in *Donald A. v. Saul*, No. 1:19-CV-01146, 2021 WL 672043, at *7 (W.D.N.Y. Feb. 22, 2021):

> this does not indicate, as [P]laintiff submits, that the ALJ found any portion of their opinions unclear or ambiguous and in need of clarification. It conveys only that they had not provided useful function-by-function assessments. The ALJ properly relied on the examining physician opinions for those assessments instead.

Therefore, the ALJ properly considered, as part of his overall evaluation of the medical opinion evidence, that the opinions provided by treating sources contained vague language and did not provide useful functional assessments of Plaintiff's abilities and the ALJ was not required to recontact the sources for further clarification.

Third, Plaintiff argues the ALJ erred in making the conclusory assertion that the opinions were inconsistent with the overall record including activities of daily living. (Dkt. No. 13 at 27-28.)  To be sure, a cursory statement that an opinion is entitled to no weight "because it is not supported by the evidence" is inadequate.  *Drake v. Saul*, 839 F. App'x 584, 586 (2d Cir. 2020).  Contrary to Plaintiff's assertion, the ALJ made more

than a conclusory statement to support his determination that opinions provided by the treating sources were inconsistent with other evidence in the record.  The ALJ relied on the medical opinion of the consultative examiner, Plaintiff's activities of daily living, and other objective evidence in the record.  Because this is not a case "in which we would be unable to fathom the ALJ's rationale in relation to evidence in the record there is no need to remand this case to the ALJ for clarification." *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 113 (2d Cir. 2010) (internal quotations and citations omitted).

Overall, the ALJ properly considered Dr. Dave's opinion and Plaintiff's activities in assessing the treating source opinions.  *See Medina v. Comm'r of Soc. Sec.*, 831 F. App'x 35, 36 (2d Cir. 2020) (the ALJ properly weighed opinion of treating physician concluding limitations provided were inconsistent with doctor's own treatment notes and plaintiff's self-report of her activities of daily living).  The ALJ specifically concluded the opinions, that Plaintiff was "disabled" or unable to work, were inconsistent with the examination and findings of consultative examiner, Nikita Dave, M.D., discussed further herein.  (T. 679-680.)  The ALJ also properly considered notations and testimony regarding Plaintiff's activities of daily living.  For example, in discussing Plaintiff's activities of daily living, the ALJ noted "[t]his evidence does not suggest an ability to work in vocational terms, but the evidence in total suggests a greater functional ability than alleged and a greater functional ability than noted by some of [Plaintiff's] treating providers."  (T. 677.)

In assessing opinion evidence, the ALJ also considered objective medical evidence in the record.  The ALJ's decision contained a sufficient summary of the medical evidence in the record spanning from 2008 through 2019.  (T. 674-681.)  For

example, the ALJ noted observations that Plaintiff had 4/5 to 5/5 strength and considered this evidence as inconsistent with treating source, Eugene Gosy M.D.'s opinion Plaintiff could "rarely even lift one pound."  (T. 678.)  A plain reading of the ALJ's decision does not support Plaintiff's assertion the ALJ made only a conclusory statement in weighing the opinion evidence.

Fourth, Plaintiff argues "it was completely improper for the ALJ to reject treating physician opinions because they conflicted with an opinion from a one-time consultative examiner."  (Dkt. No. 13 at 30.)  Plaintiff's argument fails.  The opinion of a treating physician is not binding if it is contradicted by substantial evidence, and a consulting physician report may constitute such evidence.  *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983).

Overall, the ALJ properly assessed the opinions of the treating sources, the ALJ provided "good reasons" in affording the opinions less than controlling weight, and substantial evidence supported the ALJ's weight determinations.

**B.  Consultative Examiner Opinion and Subsequent Surgery**

Plaintiff argues the July 2019 opinion provided by consultative examiner, Dr. Dave was rendered stale by Plaintiff's December 2019 surgery, which the ALJ failed to account for, and therefore the RFC was not based on substantial evidence.  (Dkt. No. 13 at 31-34.)  Plaintiff's argument fails.

In July 2019, Dr. Dave examined Plaintiff, provided a medical source statement, and completed a residual functional capacity form.  (T. 987-999.)  Dr. Dave opined Plaintiff could lift up to 10 pounds frequently, carry up to 10 pounds continuously and up to 20 pounds frequently.  (T. 994.)  She opined Plaintiff could sit for seven hours in an

eight-hour workday; stand for four hours in an eight hour workday; and walk for four hours in an eight hour workday. (T. 995.) She opined Plaintiff could never reach overhead or push/pull; occasionally reach in all other directions; and frequently handle, finger, and feel with her right hand. (T. 996.) She opined Plaintiff had no limitations with her left hand. (*Id.*) She opined Plaintiff could never climb ladders or scaffolds, crawl, or balance. (T. 997.) Dr. Dave opined Plaintiff could never to occasionally: stoop, kneel, or crouch. (*Id.*) Lastly, Dr. Dave opined Plaintiff could never work around unprotected heights, moving mechanical parts, or operate a motor vehicle. (T. 998.) She opined Plaintiff could occasionally work in extreme cold and frequently work in humidity, wetness, around dusts/odors/fumes/pulmonary irritants, extreme heat, and vibrations. (*Id.*) The ALJ afforded Dr. Dave's opinion "significant weight." (T. 678.)

To be sure, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F.Supp.3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016). Although "a medical opinion is not necessarily stale simply based on its age," *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), a medical opinion may be stale if it does not account for the plaintiff's deteriorating condition, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017). In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of a plaintiff's deteriorating condition. *Brian K. v. Comm'r of Soc. Sec.*, 524 F. Supp. 3d 149, 155 (W.D.N.Y. 2021) (citing *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. June 12, 2020)). Moreover, remand is warranted where more recent

evidence in the record "directly contradict[s] the older reports of [plaintiff's] functioning on which the ALJ relied" and the ALJ failed to fully analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020).

As an initial matter, Plaintiff's assertion that the ALJ "failed to even acknowledge" her surgery fails.  (Dkt. No. 13 at 34.)  The ALJ specifically noted Plaintiff "underwent right radial tunnel release surgery in December 2019 (22F, 25F)."  (T. 676.)  The ALJ proceeded to discuss subsequent medical evidence containing objective examinations and observations of Plaintiff's upper extremities.  (*Id.*)  Therefore, the ALJ addressed evidence of Plaintiff's surgery in his decision.

Plaintiff's right radial tunnel release performed on December 11, 2019 did not render Dr. Dave's opinion stale.  After Plaintiff underwent the tunnel release, the provider noted Plaintiff was to follow up in 10 to 14 days and was "partial weightbearing to the right upper extremity."  (T. 1275.)  There are no further records from the provider who performed the release or his practice, Excelsior Orthopaedics.  However, a treatment notation dated January 24, 2020 from Plaintiff's primary care provider noted Plaintiff's surgery "went well" and she no longer had tremors in her thumb.  (T. 1305.) On examination Plaintiff had 5/5 strength in her right upper extremity.  (T. 1306.)  The ALJ specifically cited this examination in his decision.  (T. 676.)  Therefore, the ALJ properly considered Plaintiff's December 2019 surgery and subsequent treatment notations.

Further, although Plaintiff asserts her subsequent surgery rendered Dr. Dave's opinion stale, Plaintiff fails to provide any evidence establishing greater functional limitations after surgery.  Plaintiff bears the burden at step four and must show that her

physical condition deteriorated after the medical opinions were provided.  *See Vincent B. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06376, --F.Supp.3d---, 2021 WL 4271926, at *4 (W.D.N.Y. Sept. 20, 2021).

While an ALJ "should not rely heavily on the findings of consultative physicians after a single examination," *see Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013), "[a]n ALJ has discretion to weigh the opinion of a consultative examiner and attribute the appropriate weight based on his review of the entire record," *see Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991, 2018 WL 3751292, at *7 (W.D.N.Y. Aug. 7, 2018), *aff'd*, 778 F. App'x 75 (2d Cir. 2019).  An ALJ may give the opinion of a consultative examiner "great weight" when it is consistent with the underlying medical evidence.  *Suttles v. Colvin*, 654 F. App'x 44, 46 (2d Cir. 2016).  Here, the ALJ did not commit legal error in affording less than controlling weight to the opinions of treating sources where the opinions conflicted with the consultative examiner's opinion.

Overall, the ALJ properly weighed the medical opinion evidence in the record and substantial evidence supported his determinations.  The ALJ did not err in relying on the opinion of a consultative examiner and the opinion was not rendered stale by a subsequent surgery.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated:        December 8, 2021

William B. Mitchell Carter
U.S. Magistrate Judge